## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**MILTON L. HINES III**                                                    **PLAINTIFF**

**v.**                                    **No. 4:14–CV–594–DPM–BD**

**CAROLYN W. COLVIN, Acting Commissioner,**
**Social Security Administration**                                        **DEFENDANT**

### RECOMMENDED DISPOSITION

### Instructions

The following recommended disposition was prepared for U.S. District Judge

D.P. Marshall.  A party to this dispute may file written objections to this

recommendation.  An objection must be specific and state the factual and/or legal basis

for the objection.  An objection to a factual finding must identify the finding and the

evidence supporting the objection.  Objections must be filed with the clerk of the court

no later than 14 days from the date of this recommendation.[1]  The objecting party must

serve the opposing party with a copy of an objection.  Failing to object within 14 days

waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Marshall

may adopt the recommended disposition without independently reviewing all of the

record evidence.

---

[1]28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2]*Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections
waives right to de novo review and to appeal magistrate judge's findings of fact).

## Reasoning for Recommended Disposition

Milton L. Hines III seeks judicial review of the denial of his application for social security disability benefits.[3]  Mr. Hines last worked in September 2009, when he was 42 years old.[4]  He claims he has been disabled since he stopped working, due to loose hardware in his right shoulder and testicular cancer.[5]

**The Commissioner's decision**.  After considering the application, the Commissioner's ALJ identified mood disorder and long-term poly-substance abuse as severe impairments,[6] but determined that Mr. Hines could perform work involving occasional contact with supervisors, coworkers, and the public.[7]  After determining that Mr. Hines could do his past work as a poultry laborer and a construction worker, the ALJ concluded that Mr. Hines was not disabled and denied the application.[8]

---

[3]SSA record at pp. 113 & 120 (applying for disability benefits on Sept. 6, 2011 and alleging disability since Sept. 15, 2009).

[4]*Id*. at p. 133, 144 & 167 (he last worked at a Tyson Poultry hatchery).

[5]*Id*. at p. 143.

[6]*Id*. at p. 13.

[7]*Id*. at p. 16.

[8]*Id*. at p. 20.

After the Commissioner's Appeals Council denied a request for review,[9] the

ALJ's decision became a final decision for judicial review.[10]  Mr. Hines filed this case to

challenge the ALJ's decision.[11]  In reviewing the decision, the court must determine

whether substantial evidence supports the decision and whether the ALJ made a legal

error.[12]  This recommendation explains why substantial evidence supports the decision

and why the ALJ made no legal error.

**Mr. Hines's allegations**.  Mr. Hines challenges the determination that he could

perform his past work.  He complains about the development of the record; he

characterizes the physical examiner's report as incomplete because the examiner

assessed no limitations.  The omission, he says, is critical because the ALJ rejected his

doctor's assessment of his ability to work.  According to Mr. Hines, the record is under-

---

[9]*Id*. at p. 1.

[10]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[11]Docket entry # 1.

[12]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

developed because it does not include an assessment by a treating or examining physician.  He also complains about the evaluation of his credibility; he says the ALJ failed to consider his inability to afford medical treatment.  He maintains that the ALJ over-estimated his ability to work by failing to discuss an ankle fracture, hand fracture, and right shoulder exacerbation.  For these reasons, he argues, substantial evidence does not support the ALJ's decision.[13]

**Applicable legal principles**.  Substantial evidence exists if a reasonable mind will accept the evidence as adequate to support the decision.[14]  In reviewing for substantial evidence, the court must consider the record as a whole.[15]  Reviewing for substantial evidence requires more than searching for the existence of substantial evidence.[16]  The court must consider all of the evidence — including evidence detracting from the decision[17] — but the court may not reverse simply because substantial

---

[13]Docket entry # 9.

[14]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990).

[15]*Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009).

[16]*Scott o/b/o A.S. v. Astrue*, 529 F.3d 818, 821 (8th Cir. 2008); *Thomas v. Sullivan*, 876 F.2d 666, 669 (8th Cir. 1989).

[17]*Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004).

evidence supports an opposite conclusion.[18]  Substantial evidence exists in this case for

the following reasons:

   1.  **Treatment history suggests no disabling physical symptoms**.
   Mr. Hines has had very little medical treatment.  Between the time he says
   he became disabled and the time he applied for disability benefits, he
   sought medical treatment only once — an emergency room visit after he
   was hit in the face.[19]

   Months later, he established care at an indigent care clinic and complained
   about a five-year-old growth in the scrotum.[20]  That complaint underlies
   his claim of testicular cancer.  According to the medical records, Mr. Hines
   does not have cancer.  Diagnostic imaging shows cysts that require no
   treatment.[21]

   Five months later, Mr. Hines presented to a different medical clinic and
   complained about testicular and joint pain.[22]  Mr. Hines asked the
   examining physician to complete a medical questionnaire about his
   physical ability to work.[23]  Although the physician documented no
   negative medical findings,[24] he completed the questionnaire and reported

---

[18]*Slusser*, 557 F.3d at 925; *Sultan*, 368 F.3d at 863.

[19]SSA record at p. 199 (emergency room visit on Aug. 26, 2011; he said he was hit
in the face with a piece of steel).  Diagnostic imaging showed no fracture.  *See id*. at
p. 202.

[20]*Id*. at p. 284 (intake visit on May 10, 2012).

[21]*Id*. at p. 285.

[22]*Id*. at p. 334 (visit on Sept. 19, 2012, to establish care).

[23]*Id*. ("FILL OUT PAPERWORK FROM LAURA J MCKINNON.")

[24]*Id*.

disabling limitations.[25]  The ALJ properly rejected the questionnaire because one visit does not establish the physician as a treating physician[26] and because the physician's treatment note reflects no basis for the reported limitations.[27]

Mr. Hines sought medical treatment two other times during 43 months for which benefits were denied: an emergency room visit for right shoulder pain[28] and an urgent care visit for low back pain.[29]  The foregoing treatment history is inconsistent with disabling symptoms.  A reasonable mind would expect a person with disabling physical symptoms to seek more medical treatment.[30]

2.  **Remote physical injuries provide no basis for relief**.  Mr. Hines did not base his claim on an ankle fracture, hand fracture, and right shoulder exacerbation, but he relies on those complaints for this review.  The

---

[25]*Id*. at p. 302.

[26]*Randolph v. Barnhart*, 386 F.3d 835, 840 (8th Cir. 2004) (opinion that claimant was unable to work due to depression was not entitled to controlling weight where physician saw claimant three times, none of which were during a period of employment).

[27]*Dolph v. Barnhart*, 308 F.3d 876, 878 (8th Cir. 2002) (treating physician's opinion receives "controlling weight" if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques").

[28]SSA record at p. 339 (complaining about right shoulder pain on June 3, 2012).

[29]*Id*. at p. 403 (complaining about low back pain on Mar. 27, 2013; he had been working around the house).

[30]*Accord Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997) (failing to seek medical assistance for alleged physical and mental impairments contradicted allegations of disabling conditions and supported unfavorable decision); *Ostronski v. Chater*, 94 F.3d 413, 419 (8th Cir. 1996) (complaints of disabling pain and functional limitations are inconsistent with failure to take prescription pain medication or seek regular medical treatment); *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir. 1988) ("A failure to seek aggressive treatment is not suggestive of disabling back pain.").

injuries underlying those complaints occurred long ago: a right shoulder injury sometime in 2000,[31] a left-hand finger fracture in May 2000,[32] and a left-ankle fracture in April 2009.[33]  Mr. Hines returned to work after each injury.[34]  He claims the fixation hardware for the shoulder injury is loose, but diagnostic imaging does not support the claim.[35]  Mr. Hines's treatment history suggests no worsening of symptoms.  An impairment "that was not disabling during working years and has not worsened cannot be used to prove present disability."[36]  A reasonable mind will accept the evidence about the remote injuries as showing no disabling symptoms.

The physical examiner documented no physical limitations.  Mr. Hines characterizes the examiner's report as incomplete because the examiner reported no limitations, but the examiner recorded no negative medical findings to serve as the basis for physical limitation.[37]  The record was fully and fairly developed because the ALJ ordered a consultative physical

---

[31]SSA record at p. 36 (he hurt right shoulder in April 2000), p. 229 (he hurt right shoulder 11 years ago when he fell off mountain), p. 243 (he hurt right shoulder when he fell from moving vehicle) & p. 284 (he fell off truck and hurt right shoulder in 2000).

[32]*Id*. at p. 328 (May 23, 2000, diagnostic imaging of left hand showing fracture finger).

[33]*Id*. at pp. 203 & 206 (emergency room visit on Apr. 18, 2009, after stepping off porch and twisting ankle).

[34]*Id*. at p. 36 ("Well, when they first put it back together, I was able to go back to work.  I had to, of course, work the stiffness out, and then the shoulder – one screw at a time starts coming out and they just progressively get worse"), p. 312 (work release after finger fracture) & p. 329 (work release after ankle fracture).

[35]*Id*. at p. 408 (Mar. 27, 2013, diagnostic imaging of right shoulder).

[36]*Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994).  *See also Dixon v. Sullivan*, 905 F.2d 237, 238 (8th Cir. 1990) (impairments aren't disabling where claimant worked with them for years without any worsening of  condition).

[37]SSA record at pp. 229-34.

exam and a mental diagnostic exam,[38] and asked for expert medical
opinion. The medical consultants opined that Mr. Hines could do light
work,[39] but the ALJ correctly observed that "the medical evidence fails to
supports any physical limitations."[40]

3. **Mr. Hines's primary impairment provides no basis for disability
benefits**. Mr. Hines's primary impairment is a long history of poly-
substance abuse, a history dating back to age 13.[41] Mr. Hines reported
numerous convictions for drug and alcohol offenses.[42] He expressed a
desire for treatment, but he used marijuana weekly, and alcohol
intermittently, throughout the pendency of his application. If poly-
substance abuse is a contributing factor material to disability, the claimant
is not eligible for disability benefits.[43]

Mr. Hines began counseling for alcohol abuse in May 2012.[44] His
counselor later attributed mood disorder to substance abuse.[45] After his

_____

[38]*Id*. at pp. 243-49.

[39]*Id*. at pp. 242 & 272.

[40]*Id*. at p. 14.

[41]SSA record at pp. 245 & 298-99.

[42]*Id*. at p. 299.

[43]42 U.S.C. § 423(d)(2)(C) ("An individual shall not be considered to be disabled
… if alcoholism … would … be a contributing factor material to the Commissioner's
determination that the individual is disabled."); *Rehder v. Apfel* 205 F.3d 1056, 1060 (8th
Cir. 2000) ("If the claimant's remaining limitations would not be disabling, the
claimant's alcoholism … is a contributing factor material to a determination of disability
and benefits will be denied.").

[44]SSA record at p. 295 ("Program: 420: alcohol/drug outpatient").

[45]*Id*. at p. 382 (Oct. 31, 2012: primary diagnosis: poly-substance dependence;
secondary diagnosis: major depressive disorder, substance induced mood disorder,
substance induced anxiety disorder, substance induced psychotic disorder).

hearing, Mr. Hines dropped out of treatment.  After the unfavorable decision, Mr. Hines returned to treatment and reported alcohol and marijuana use "to the point of intoxication."[46]

Mr. Hines reported no major problems getting along with others,[47] but says he does not like to be around other people.[48]  During the mental diagnostic evaluation, he demonstrated the capacity to cope with the mental demands of work; he demonstrated no limitations in concentration or persistence.[49]  A reasonable mind will accept the evidence as adequate to support the decision because the ALJ limited interpersonal contact.

4.  **Mr. Hines stopped working for reasons unrelated to his allegations**. Mr. Hines says he stopped working because of loose fixation hardware and testicular cancer, but he testified that he lost his job after missing work due to incarceration.  Prior to that time, he worked with his alleged impairments.  Under these circumstances, a reasonable mind will accept the evidence as adequate to show Mr. Hines could do his previous work, because he stopped working for reasons unrelated to alleged impairments.

5.  **A sufficient basis exists for discounting Mr. Hines's credibility**. Mr. Hines complains about the evaluation of his credibility, but the impairments underlying his claim lack an evidentiary basis.  The ALJ may discount a claimant's subjective complaints "if there are inconsistencies in the evidence as a whole."[50]  Diagnostic imaging shows no loose hardware. Mr. Hines does not have testicular cancer.  The inconsistency between the allegations and the medical evidence undermine Mr. Hines's credibility.

---

[46]*Id*. at p. 377.

[47]*Id*. at p. 248.

[48]*Id*. at pp. 47-48

[49]*Id*. at p. 248.

[50]*Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

The ALJ did not discuss Mr. Hines's financial ability to seek medical treatment, but a reasonable mind would expect a person with disabling symptoms to seek more frequent treatment. Mr. Hines spends his financial resources on other things — *e.g.*, cigarettes, alcohol, marijuana, and fines.[51] He presented to an indigent care clinic only once. Under these circumstances, the ALJ was not required to discuss Mr. Hines's financial resources. A reasonable mind would accept the evidence as sufficient to show Mr. Hines over-stated his symptoms.[52]

### Conclusion and Recommendation

Substantial evidence supports the ALJ's decision, because a reasonable mind would accept the evidence as adequate to show Mr. Hines could perform his past work. The ALJ made no legal error. For these reasons, the undersigned magistrate judge recommends DENYING Mr. Hines's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

Dated this 24th day of July, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

---

[51]SSA record at p. 245 (smoking marijuana twice a week; smoking one to two packs of cigarettes per day; beer on weekends), p. 284 (uses marijuana, but no alcohol for five weeks), p. 359 (he drank more than he intended over the weekend), p. 360 (using less alcohol and marijuana; has cut back from three pack of cigarettes per day to one pack per day), p. 375 (still paying off fines for past substance abuse charges) & p. 403 (positive for smoking) .

[52]*Partee v. Astrue*, 638 F.3d 860, 865 (8th Cir. 2011) ("The ALJ may discredit a claimant based on inconsistencies in the evidence."); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001) ("The ALJ may discount complaints of pain if they are inconsistent with the evidence as a whole.").